IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID RAY MALDONADO,
      Plaintiff,

vs.                                  Case No.: 3:15cv334/MCR/EMT

BARACK OBAMA and
JACOB LEW,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's filing a Bill in Equity, also styled as a Petition for Declaratory Relief, Enforcement of Trusts, and Protection and Full Accounting (doc. 7). Identified as Defendants are United States President Barack Obama and Secretary of the Treasury David Lew.  Plaintiff, an inmate in the Florida Department of Corrections and currently housed at Blackwater River Correctional Institution, has paid the $400.00 filing fee.

      Plaintiff intends to "invoke[] the jurisdiction of this court to sit in its judicial power of exclusive English/American Equity conferred by Article III, Section 2, Clause 1 of the Constitution of the United States of America . . . ." (doc. 7 at 2).  Although Plaintiff's allegations are not altogether clear, he mainly asserts that he "voluntarily submitted to an altered citizenship status" as a "'beneficiary' of the trust known as the 'Constitution for the United States'" (doc. 7 at 4, ¶ 14).His statement of claim is based upon an alleged breach of that trust (doc. 7 at 7–8).  It therefore appears that Plaintiff's complaint emanates from what has been described as the "Sovereign Citizen Movement," which, in short, advances the argument that individuals, as natural humans, are their own "Secured Party Sovereigns."  *See* <u>Schlager v. Beard</u>, 398 F. App'x 699, 701–02 (3d Cir. 2010); <u>Rowe v. Pennsylvania</u>, No. 13-4094, 2014 WL 2805245, at *3 (E.D. Pa. Jun. 20, 2014).  As such, these individuals proclaim themselves as citizens of the United States only by the establishment of

private or secret trusts or through contracts which are constrained through such laws as the Uniform Commercial Code (UCC), one of the results being that the individual is not properly or jurisdictionally subject to the criminal laws of the state or federal government.  <u>Gravatt v. United States</u>, 100 Fed. Cl. 279, 286–89 (Fed. Cl. 2011).

As relief, Plaintiff seeks various injunctive or declaratory relief directed toward realizing the alleged assets of this trust, including vaguely identified monetary assets, and he seeks release from his current state sentence imposed in Flagler County, Florida (doc. 7 at 8–9).

Because Plaintiff is a prisoner in the Florida Department of Corrections (FDOC), the court is required to review and dismiss the case if it determines that it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. " 28 U.S.C.A. § 1915A(b).  The language in this subsection tracks the language of Federal Rule of Civil Procedure 12(b)(6), and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive review under § 1915A(b)(1) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory."  <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

Upon review of the Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Because Plaintiff clearly seeks his release from prison, his claim for relief is at least partly in the nature of habeas corpus.  Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that a civil action that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 2372.  Absent such an invalidation of his conviction, the complaint must be dismissed.

Heck reaffirmed the long-standing holding in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that habeas corpus is the appropriate remedy for state prisoners who seek to attack the validity of the fact or length of their confinement, not more generalized civil actions such as those found under 42 U.S.C. § 1983.  Regardless of the label Plaintiff may place on a civil action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim.  Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).  Thus, claims for declaratory or injunctive relief which are in the nature of habeas corpus claims because they challenge the validity of a conviction or sentence are simply not cognizable under § 1983.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).  Furthermore, to the extent Plaintiff seeks monetary damages, the holding in Heck specifically extended the holding in Preiser to damage claims and held that such claims are not cognizable unless and until the conviction is overturned via habeas corpus.  Heck, 512 U.S. at 487, 114 S. Ct. at 2372.

Because the instant complaint seeks redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief, it is barred by Heck and therefore should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

1.      That Plaintiff's claims be **DISMISSED** without prejudice pursuant to 28 U.S.C.A.

§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2.      That all pending motions be denied as moot.

**DONE AND ORDERED** this 21ˢᵗ day of September 2015.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**